CASE 14—PETITION ORDINARY—JANUARY 8.

# Ford v. Mayo.

APPEAL FROM BOYD CIRCUIT COURT.

1. ESTOPPEL BY ACQUIESCING IN SALE OF PROPERTY.—The owner of property, by merely acquiescing in its sale as the property of another, does not estop himself from thereafter claiming the property as against the purchaser, provided he did not know at the time of the sale that the property was his.

2. SAME.—The fact that one assisted in appraising property about to be sold under decree does not estop him from claiming the property as that which he had purchased at a former sale in the same action, as he did not know when he appraised the property that it was the same he had purchased, it having been erroneously described in the sale to him as " Lot No. 40, in square 4," whereas it was, in fact, "Lot No. 8, in square 4," and was so described in the decree under which he made the appraisement.

3. SAME—PLEADING.—As plaintiff's conduct at the sale was alone pleaded as an estoppel in this action of ejectment, it was error to instruct the jury that any act of plaintiff prior to the sale could operate as an estoppel.

MOORE & BROWN FOR APPELLANT.

No act or statement of appellant that amounts to an estoppel is proved.

As to the elements necessary to constitute an estoppel, see Bigelow on Estoppel, 480; Biddle v. Mercie Mining Co., 14 Cal., 279; Wood v. Miller, 37 Pa. St., 379; Hamilton v. Central Ohio R. Co., 44 Md., 551; Continental Bank v. Bank of Commonwealth, 50 N. Y., 575; Blair v. Wait, 69 N. Y., 112; 6 Wait's Actions and Defenses, pp. 680, 684, 685; Rudd v. Matthews, 79 Ky., 479.

R. C. BURNS FOR APPELLEE.

1. Appellant having stood by and seen the property in controversy sold without asserting his claim, is now estopped to do so.

2. The instructions give the law upon the subject of estoppel. (Herman on Estoppel, 1064-5.)

3. The grounds for new trial are too general. The grounds should call the court's attention specifically to the error complained of. (Helm v. Coffey, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 678.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, in 1876, purchased at decretal sale a

lot described as No. 40, in square 4, in the town of Catlettsburg. After said sale was confirmed and deed made, R. B. McCall purchased at another decretal sale in the same suit a lot described as No. 8, in square 4. After the confirmation of said sale McCall sold said lot to the appellee, who improved the same. Thereafter the appellant instituted this action of ejectment to recover the possession of said lot. He contends that the lot that he purchased as No. 40 is really lot No. 8 that was thereafter purchased by McCall.

The appellee, besides the general issue, relied on the plea of estoppel, the facts of which he confines to the conduct of the appellant on the occasion of the sale of lot No. 8, which conduct, it is alleged, consists in the fact that the appellant, being present at the sale, and knowing that said lot was his, and was being sold, never objected to the sale, &c. There is no positive proof that the appellant was present at said sale. McCall merely gives it as his impression that the appellant was present. The appellant swears positively that he was not present; but he does show that he was one of the appraisers that appraised said lot, but he says that he did not know that it was the same lot that he had purchased. It is not believed that the jury believed that the appellant was present at said sale, for the reason that his evidence upon that subject is clearly the weight of evidence. However, if that were the only issue to be passed upon by the jury, we would not disturb the verdict; but as the court's instruction authorized the jury to find in favor of the plea of estoppel upon other grounds than the fact of the presence of the appellant at the sale, we must pre-

sume that they decided upon those grounds. So the question arises, did the pleading and proof authorize an instruction upon those grounds?

Said instruction is as follows: "Although the jury may believe from all the evidence in this case that the deed to Ford, of date the 12th of June, 1878, and read in evidence, covers the lot in dispute, yet if the jury believe from all the evidence that the plaintiff, Ford, knew of his purchase of said lot at the sale made by John M. Rice as commissioner, and afterwards by records or acts induced McCall to purchase the same lot at the sale made of same by commissioner Eastham in the same suit, or acted at or before the sale of said lot so as to induce the belief in a reasonably prudent man that he had no title or claim to the lot, and that McCall purchased the same at the sale made of said lot by commissioner Eastham, and that Ford knew of McCall's purchase, and set up no claim to the property, and did not object to the said sale, or give notice of his claim at the time, he is now estopped to set up title to said lot," etc.

The jury are told in this instruction that if the appellant, "at or before the sale, acted," &c., they must find for the appellee. The instruction in this respect clearly refers to the fact that the appellant had assisted to appraise said property before it was sold. The first objection to this part of the instruction is, that the appellee's plea of estoppel does not authorize it, for it is well settled that proof without an allegation is not admissible, and that it is error to instruct upon it. However, if there is no objection to the proof and instruction until after verdict,

the court will not disturb it. Here there was objection to the instruction, and it should not have been given.

But there is another objection to the instruction as regards the appraisement, which is, that the facts as to said appraisement do not constitute an estoppel. The appellant distinctly states he did not know that the lot was the one that he purchased, and he is in nowise contradicted in reference to that matter. The lot that he purchased was sold as lot No. 40, and the same was appraised as lot No. 8, and there is no fact or circumstance shown in the record that would indicate to the appellant that said lot was the same that he had purchased; on the contrary, the inference would be strong, to a person not knowing, that the lot appraised was different property from lot No. 40. So the instruction should not have been given had the pleading made an issue on that subject.

There is no doubt that if a person stands by and suffers his property sold to an innocent purchaser without objection, knowing that it is his property, he is estopped, upon the ground of fraud, to thereafter set up his title to said property. So also, if he, knowing said property belonged to him, appraised it for public sale, and at said sale it was purchased by an innocent purchaser, he would be estopped, upon the same grounds, thereafter to set up his title. This estoppel, as said, is upon the ground of fraud upon an innocent purchaser, and it is essential, in order to constitute such fraud, that the person should know that the property belonged to him, or have such information or facts at hand as would, in law, amount

Ford v. Mayo.

to such knowledge; otherwise he has not defrauded the purchaser. It would be a harsh rule that would estop the owner of property from asserting his right to it simply because he was present at the public sale of it, but did not know that it was his property that was being sold, or that he appraised it without knowing that it was his property, he not directing the sale of it. The property doubtless would be sold without the concurrence of either act on his part. To say, therefore, that his doing either act, though never so innocent, would deprive him of his property, would be to convert the equitable doctrine of estoppel into an engine of oppression. It is fraud that the law abhors, and it says to a person that when he knows that his property is being sold as the property of another it is his duty to make the fact known that he is the owner of it, and his failure to do so, and subsequent assertion of his title, is a fraud upon the innocent purchaser of it; consequently, the doctrine of estoppel is applied to him. So also, if it be sold by his direction as the property of another, although he does not know that it is his, and it is purchased by an innocent purchaser, it would be a fraud upon the latter to allow him to assert his title. The ground of fraud in such case is, that the one who directs the doing of the act must suffer in case of conflict of right rather than an innocent party.

The judgment is reversed, and the cause is remanded with directions for further proceedings consistent with this opinion.